# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 5, 2022

Lyle W. Cayce
Clerk

No. 21-30546
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BILLY RAY JONES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:20-CR-241-1

Before SOUTHWICK, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Billy Ray Jones appeals his within-Guidelines sentence of 57 months of imprisonment following his guilty plea conviction for possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1). He contends that the district court erred by applying an enhanced base offense level of 20

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

because the offense involved silencers (U.S.S.G. § 2K2.1(a)(4)(B)) and by applying a two-level enhancement for possession of three to seven firearms (§ 2K2.1(b)(1)(A)). We review the district court's "application of the Guidelines *de novo* and [its] factual findings—along with the reasonable inferences drawn from those facts—for clear error." *United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

Although Jones concedes that he possessed two firearms, he argues that both enhancements were inappropriate because his possession of the additional firearms and the silencers found in the bedroom closet was never established. "Possession of a firearm may be actual or constructive." *United States v. Hagman*, 740 F.3d 1044, 1048 (5th Cir. 2014). Where, as here, joint occupancy is an issue, we "will find constructive possession only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the illegal item." *United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012) (internal quotation marks, citation, and emphasis omitted). We employ a "common sense, fact-specific approach." *Id.* (internal quotation marks and citation omitted).

Here, such a common sense, fact-based approach supports the district court's finding that Jones had constructive possession of the other firearms and the silencers. These items were located inside of a closet in a bedroom that he shared with his girlfriend. There is nothing in the record that suggests these firearms were inaccessible to him, were deliberately hidden from view, or belonged to his girlfriend. *Cf. United States v. Mergerson*, 4 F.3d 337, 348-49 (5th Cir. 1993). The fact that other items belonging to Jones were found inside the closet, such as his clothing, wallet, and identification, supports an inference that he had access to and actually had been inside of the closet. In addition, a shotgun that he admitted purchasing was found there, further

supporting an inference that he had access to the closet and knowledge of its contents. Inside the closet, several of the firearms were clearly visible, including the silencers. *See United States v. Fields*, 72 F.3d 1200, 1211-12 (5th Cir. 1996). Finally, Jones was seen possessing a rifle that later was determined to fit the silencers, which supports an inference that he knew what those items were and their intended purpose.

Thus, it is plausible that Jones had knowledge of and access to the firearms that were located in the bedroom closet, including the silencers. *See Meza*, 701 F.3d at 419. As a result, the application of the enhancements found at § 2K2.1(a)(4)(B) and § 2K2.1(b)(1)(A) was not clearly erroneous. *See Alcantar*, 733 F.3d at 146.

AFFIRMED.